## THE PEOPLES BANK v. B. TOWNSEND et al.

Western Section.    August 5, 1927.

No petition for Certiorari was filed.

1. **Pleading.** Bill seeking to have a judgment declared a lien prior to a deed of trust held insufficient.
   In an action to have a judgment declared a lien prior to a certain deed of trust where the date of the judgment was not given in the bill and the court or county in which it was obtained was not given, held the bill insufficient in averments to entitle complainant to a statutory lien.

2. **Pleading. Amendment.** An amendment made after a change in interest of the parties is not binding on new parties.
   In an action to declare a certain judgment a lien prior to a deed of trust where the original bill was insufficient and the bill was later amended but before the amendment the deed of trust was paid and a new one given, held the parties to the new deed of trust were not parties to suit and could not be bound by any decree therein.

3. **Judgments. Liens. Persons not made parties to a suit to enforce a lien not bound by the judgment.**

Where certain holders of deeds of trust were not made parties to a bill to establish and enforce a lien, held that the lien could not be established and enforced as against them.

4. **Trial. Suit properly dismissed where complainant did not join necessary parties.**

In an action to establish and enforce a lien against certain real estate where the complainant had not made the holders of the deed of trust parties, held that the chancellor properly dismissed the bill.

Appeal from Chancery Court, Obion County; Hon. V. H. Holmes, Chancellor.

Affirmed.

J. W. Rankin, of Martin, for appellant.

Pierce & Fry, of Union City, for appellee.

SENTER, J.  This bill was filed by the Peoples Bank of Martin, alleging that defendant, B. Townsend, was the owner of a one-half undivided interest in the tract of land described in the bill; that in October, 1921, complainant recovered a judgment in the cause of B. Townsend v. S. R. Bratton et al., under its cross-bill for the sum of $899.07, and in addition the further sum of $135 attorney's fees.  It is further charged that on the 6th day of December, 1921, defendant B. Townsend and wife, and sister, Robbie Townsend, executed a deed of trust on this land to C. E. Nelson, trustee, to secure a note payable to M. A. Nelson for the sum of $5,000.  It is further alleged that complainant had a prior lien on the one-half interest of defendant B. Townsend on this tract of land, and by reason of its said judgment, entitled to priority over said trust deed. It is further alleged in the bill that in the event complainant is mistaken with reference to said lien taking priority over said trust deed, that complainant would have a right in this suit to have a lien declared and the trust deed foreclosed before the debt secured by the trust deed became due.  The bill was answered by defendants Townsend, M. A. Nelson and C. E. Nelson, on October 20, 1922, the same being a joint answer of the said defendants.  It is admitted in the answer of defendants that complainant has a judgment against the defendant B. Townsend, but denies that the same is for the amount claimed by complainant, and demands strict proof, in the event it is material.  It is further admitted by the answer of these defendants that Townsend obtained the loan from M. A. Nelson for the sum of $5,000, and secured said debt by a trust deed on the tract of land.  But defendants state in the answer that before said loan was negotiated from defendant Nelson there was then a trust deed on said land executed by Townsend, and that the money obtained from Nelson was for the purpose, and was used in discharging the former indebtedness secured by the trust

deed; that said former trust deed was a prior lien on the land, and which was a valid debt against said land, and which was unpaid, and which was due and owing and that the trust deed by Townsend, et al., was executed to secure the loan obtained from Nelson to obtain the money with which to pay off and discharge the mortgage debt then on the property, and that said money was so used. It is further denied in the answer of the defendant that complainant had a lien of any kind, or is entitled to a lien on said land, and denies that complainant is entitled to the relief sought in the bill.

The original bill did not state in what court the judgment alleged was obtained; nor when it was obtained other than to say at the October term of the court, 1921. While the original bill says that a certified copy of the decree would be filed and made a part of the bill, yet this was not done.

On October 3, 1923, complainant filed an amendment to its original bill. By this amendment the equitable interest of Townsend, subject to the trust deed in favor of Nelson, was sought to be reached. The bill as amended was answered by defendant Townsend on April 15, 1924, the other defendants seem not to have filed any further answer.

No other steps were taken until the 20th day of September, 1926, when it appears complainant, by agreement or consent, filed another amendment to the original bill. In this amendment it is charged by complainant that the amount of its judgment against B. Townsend was recovered by a judgment against the defendant at the October term of the chancery court in 1921, at Union City, Tennessee; that an execution was issued to the sheriff of Obion county; that said execution was issued on the 12th day of December, 1921, and placed in the hands of the sheriff of Obion county, and it was executed on the 1st day of April, 1922, by C. L. Harris, deputy sheriff, and contained the following return thereon: "Came to hand same day issued, search made, and no property of defendants found in my county subject to execution, therefore this execution returned nulla bona." By the amendment reference is made to the fact that the former amendment of October, 1923, was prepared without the execution being in the hands of the solicitors preparing said former amendment, and that the defects in the description of said former execution was the result of oversight, and the amendment is filed for the purpose of correcting, or rather completing the description of the former execution.

At the trial of the cause, the Chancellor filed a memorandum opinion in which it is stated that it now appears from the proof in the cause, that there is now an outstanding trust deed on this property in favor of the New York Life Insurance Company, but that the pleadings present no such question; that the New York Life

Insurance Company was not made a party to the suit, and would not be bound by any adjudication or decree in this cause.

It is further found by the Chancellor that there are not sufficient averments of fact in the original bill to give or fix the statutory lien on the land in question by reason of the alleged judgment. It is further held by the Chancellor that there are not sufficient averments of fact, in the original bill, to entitle complainant to a foreclosure of the trust deed, nor to a sale of the property subject to the trust deed, because there is no statement in the original bill to the effect that defendant Townsend has no property subject to execution, and that it cannot, therefore, be held that complainant acquired any lien on the equitable interest of B. Townsend in the land from the filing of the original bill. It is further held by the Chancellor that the original bill was not aided in this particular by the amendment thereto on October 3, 1923; that there is no statement in that amendment that B. Townsend has no property subject to execution; that there is merely a loose attempt to aver the issuance and return of an execution in some unnamed and unidentified cause; that there is an offer to file, as an exhibit to the bill, such an execution, but that no such execution is attached to the purported amendment, but that there is, among the papers in the cause, a fieri facias issued in the cause of B. Townsend v. S. A. Bratton et al., but that said fieri facias is not attached to the amendment, nor does it appear to have ever been filed in the cause. The Chancellor then finds that it is apparent that the original bill, as amended by the purported amendment of October 3, 1923, was still insufficient to fasten any lien upon any equitable interest of Townsend in the property. The Chancellor further found and so held, that the bill as finally amended by the amendment of September 20, 1926, is probably sufficient to fasten a lien upon the equitable interest of B. Townsend, provided that the necessary parties are before the court from and after September 20, 1926, and hence the question is in the case as to whether all the necessary parties were before the court. It is then stated by the Chancellor, that so far as disclosed by the pleadings all parties interested are before the court. It is then stated by the Chancellor that it appears that formal release of the trust deed in favor of Nelson was entered of record on the 6th day of March, 1926, and that at the time complainant filed its last amendment, September 20, 1926, that so far as disclosed by the pleadings, the interest of B. Townsend in the land was unencumbered, and hence there was no reason why complainant might not have levied its execution. It is then stated by the Chancellor: "However, if this were all, I see no reason why complainant having filed his bill to reach an equity, subject to a prior encumbrance, which has been extinguished pendente lite, should not be entitled to an order of sale. But

from documents filed in the cause, it appears that, on the 30th day of October, 1925, B. Townsend executed a trust deed covering the land involved in this cause, to Andrew L. Todd, trustee, securing a debt of $4500, due New York Life Insurance Company, which trust deed was filed for record on December 30, 1925. Also that B. Townsend executed a trust deed, conveying the land to H. J. Ramer, trustee, securing a debt of $1322.48 due Martin Bank, the trust deed being executed on the 7th day of June, 1926, and filed for record June 8, 1926.'' It is then stated by the Chancellor that, of course, these documents are not proof pertinent to any issue made by the pleadings. But, in view of the state of the record should the court render a decree, which would be void as to these two mortgage creditors, certainly, and which, ''in the opinion of the court would be void as to B. Townsend.'' It is further stated by the Chancellor that it is true complainant would not be required to take notice of conveyances or encumbrances made pendente lite, but the last above-mentioned trust deeds were not made pendente litem, for as above stated complainant's bill was not sufficient to fasten a lien upon the equitable interest of B. Townsend until the amendment of September 20, 1926, a date subsequent to both of these trust deeds; and that at the time the bill was amended on September 20, 1926, these trust deeds were of record, and complainant was charged with notice, and that it was the duty of the complainant to make the holders of those trust deeds parties to the suit, and that since they have not been made parties, any order of sale in the cause would be void. It is then observed by the court in his opinion that if this suit were based on a judgment in a court of record complainant would be entitled to a personal judgment in this cause, but complainant already has a judgment in this court. The opinion of the Chancellor concludes with the statement that if complainant desires, the cause would be remanded to the rules for amendments, making the necessary parties, as indicated in his opinion, but such amendments would be allowed upon the condition that complainant pay all the costs of the cause accrued to the date of the hearing of the cause, and that in the event complainant does not elect to take that course the suit would be dismissed at the cost of complainant. The decree of the Chancellor follows the opinion, and decrees a dismissal of the bill at the cost of complainant, and to which action of the court the complainant excepted and prayed an appeal to this court, and has assigned errors. We will add that there was a petition filed by complainant praying a reconsideration and a modification with reference to the finding of the facts as found by the Chancellor, and a request that certain additional findings of fact be found by the Chancellor. This petition was overruled by the Chancellor.

Numerous assignments of error are filed by appellant, which point out and particularize the alleged error of the court both as to the finding of the facts, and the conclusions of law. However, it is stated in the brief and argument that all the questions made by the several assignments of error, are embraced in a general way under the first assignment of error which is:

"The court erred in dismissing complainant's bill and amendments, and holding that they did not create a lien on the equities of Townsend, when filed."

Numerous authorities are cited and relied upon by appellant in support of its contention. However, sound the rule and the reason of the cases and authorities relied upon may be, we do not think they have any application to the questions made by the record in this case. We fully concur in the conclusion reached by the Chancellor that the original bill was insufficient in averments to entitle complainant to the statutory lien on the land in question, because of its alleged judgment. This lien expired if not enforced within twelve months from the date of the rendition of the judgment. Again, the description of the judgment is insufficient to bring it within the statute relied upon. It does not appear from the original bill, or from the original bill as amended by the amendment of October 3, 1923, in what court or county the judgment was obtained, and the averments of the bill are lacking in the degree of certainty required by the statute. The last amendment, which we think was sufficient to entitle the complainant to the relief sought to have a lien declared upon the equitable interest in Townsend, was filed September 20, 1926. On October 30, 1925, the debt to Nelson and the trust deed securing the same, was discharged and released, and a new trust deed was executed and filed for record, conveying the property to A. L. Todd, as trustee, securing a debt to the New York Life Insurance Company, which trust deed was filed for record on December 30, 1925, and on June 7, 1926, still another trust deed was executed by Townsend on the land to H. J. Ramer, trustee, securing a debt of $1323.48, to the Martin Bank, and filed for record June 8, 1926. Both of these trust deeds were placed to record prior to the filing of the last amendment to complainant's bill. We think the Chancellor correctly held that the original bill which was insufficient, and which was not aided by the amendment of October, 1923, did not fasten a lien on the equitable interest of Townsend, and for the reasons set forth by the Chancellor in his memorandum opinion above referred to. At the time of the filing of the last amendment, which contained sufficient averments to fasten a lien on the equitable interest of Townsend, the two trust deeds securing the respective debts to the New York Life Insurance Company and to the Martin Bank, had been exe-

cuted by Townsend and filed for registration. These two trust deeds were filed at a time that complainant had not become entitled to a lien on the equitable interest of Townsend on the land under the original and amended bill as then existed, and in order to maintain the bill so as to have these trust deeds foreclosed, and the equitable balance applied to complainant's debt, the trustees and creditors under the respective trust deeds would be necessary parties to the suit. They were not made parties to the suit, and we think the Chancellor was not in error in dismissing complainant's bill, unless complainant was willing to have the cause remanded to the rule for the purpose of making these parties, parties to the cause on the terms imposed by the Chancellor.

We find no error in the action of the court below and the decree is affirmed. Appellant and sureties on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.